FILED
MISSOULA, MT

2006 SEP 13 PM 4 33

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| ROBERT EUGENE DICKERSON, | ) | Cause No. CV 04-58-H-DWM |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| LIZ RANTZ, M.D., Medical Director Dept. of Corrections; SPRATHA RAMAKRISHNA, M.D., Medical Director Mt. State Prison Infirmary; WILLIAM SLAUGHTER, Director, Mt. Dept. of Corrections; and MIKE MAHONEY, | ) | |
| Defendants. | ) | |

United States Magistrate Judge Carolyn S. Ostby entered Findings and Recommendation in this matter on July 31, 2006.

Robert Eugene Dickerson did not file objections, but instead has filed a motion for a forty-five day extension of time to object. Dickerson has written to the Center for Disease Control and Prevention and the Hepatitis Foundation International, requesting their opinion on whether the Montana State Prison guidelines concerning the management of Hepatitis C (HC) infections that were in place at the time Dickerson entered the prison system "met minimum standards for Hep C treatment."

-1-

Dickerson hopes that the Center for Disease Control and Prevention and the Hepatitis Foundation International will respond to his requests for opinion within the next forty-five days and he will be able to present their opinions to the Court in his objection to the Findings and Recommendation.

Although Dickerson's requests to the Center for Disease Control and Prevention and the Hepatitis Foundation International are not entirely irrelevant to his claims in this Court, his attempts to solicit expert opinions to support his claims are untimely.  As Defendants point out, Dickerson had the opportunity to disclose expert opinions and provide affidavits, depositions, and other evidence to this Court in response to Defendants' motion for summary judgment.  This Court will typically exercise its discretion to review supplemental evidence offered by a pro se plaintiff, even if the plaintiff presents the evidence for the first time in his objection to the Findings and Recommendation. See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 n.4 (9th Cir. 2005).  However, Dickerson has not offered any supplemental evidence at this time; he is only now, after the time for objection has passed, seeking supplemental expert opinions to support his claims.  Dickerson's motion for extension is denied.

Because Dickerson has not timely objected to the Findings and Recommendation, he is not entitled to de novo review of the record.  28 U.S.C. § 636(b)(1).  This Court will review the Findings and Recommendation for clear error.  McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th

Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Dickerson brought this action pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment right to adequate medical treatment is being violated by the Defendants' failure to treat him for Hepatitis C. Dickerson claims that a drug company was willing to provide him free medication therapy for Hepatitis C, and the Defendants refused to allow him to receive that therapy. He seeks injunctive relief and monetary damages. Defendants filed a motion for summary judgment.

Judge Ostby found that Dickerson had not shown that "the course of treatment the doctors chose was medically unacceptable under the circumstances, and . . . that they chose this course in conscious disregard of an excessive risk to [his] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Dr. Elizabeth Rantz, a licensed Montana physician and a fact witness, opined that Dickerson's health, specifically his liver disease and anemia, preclude him from receiving medication therapy. Judge Ostby noted the contrary recommendation of Dr. Bradley Zins of Billings, Montana, who, days before Dickerson entered the Montana State Prison system, had suggested that Dickerson "should be considered" for medication therapy. Judge Ostby concluded, however, that Dr. Zins' recommendation, which was not a prescription, did not create a genuine issue of fact regarding whether the treatment chosen by Montana State Prison officials

was "medically unacceptable under the circumstances." Other than Dr. Zins' recommendation, Dickerson offered no evidence to show that the Montana State Prison system's treatment guidelines for Hepatitis C are medically unacceptable. Thus, Judge Ostby recommended that Defendants' motion for summary judgment be granted.

I find no clear error in Judge Ostby's Findings and Recommendation (dkt #42) and I adopt them in full. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Extension (dkt #43) is DENIED.

2. Judge Ostby's Findings and Recommendation (dkt #42) are adopted in full.

3. Defendants' motion for summary judgment (dkt #28) is GRANTED.

4. The Clerk of Court is directed to enter Judgment in favor of Defendants and against Plaintiff.

DATED this 13th day of September, 2006.

Donald W. Molloy, Chief Judge
United States District Court